UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Nicola Merry,**       :
                        :
      **Plaintiff,**  :
                        :
**v.**                  :   Civil Action No. 13-0010 (CKK)
                        :
**National Park Service,** :
                        :
      **Defendant.**  :

**MEMORANDUM OPINION**

While visiting Ford's Theater on June 16, 2011, plaintiff, a resident of Los Angeles, California, alleges that she slipped and fell down 20 steps and suffered "massive bruising down the entire right side of [her] body and head." Compl. at 1, 2. Plaintiff sues the National Park Service ("NPS"), as manager and operator of the Theater, for negligence. She blames her fall on "the dim lighting in the stairwell, lack of signage advising of such, . . . lack of crowd control at the door to the stairwell, and lack of verbal instructions from the Guard . . . ." *Id*. at 2.

NPS moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Def.'s Mot. to Dismiss Pl.'s Compl. [Dkt. # 7]. Plaintiff has filed a cursory opposition [Dkt. # 9], and NPS has replied [Dkt. # 10].[1] In addition, plaintiff has moved (1) to amend the complaint [Dkt. # 12], (2) for an enlargement of time to research her case and conduct discovery [Dkt. # 13], and (3) to subpoena records [Dkt. # 17], and defendant has opposed those motions. *See* Def.'s Opp'n to Pl.'s Mot. to Amend Her Compl. and Mot for Exten. of Time to Take

---

[1] Consistent with its duty to read a *pro se* litigant's filings liberally, the Court has also considered plaintiff's filing captioned "Plaintiff's Further Clarification and Objection to the Motion to Dismiss My Complaint" [Dkt. # 16] since defendant has addressed this filing notwithstanding its accurate description of the document as "an unauthorized surreply." Def.'s Opp'n to Pl.'s Mot. for Order to Subpoena Records or Take Discovery and Response to Pl.'s Supp. Mem. [Dkt. # 19] at 1. The Court will refer to this document as plaintiff's "surreply."

Discovery [Dkt. #15]; Def's Opp'n to Pl.'s Mot. for Order to Subpoena Records or Take Discovery and Response to Pl.'s Supp. Mem. [Dkt. # 19]. Upon consideration of the parties' submissions, the Court will grant defendant's motion to dismiss under Rule 12(b)(1) and will deny plaintiff's motions as moot.

## BACKGROUND

Plaintiff alleges the following. On June 16, 2011, she entered the lobby of Ford's Theater with approximately 200 other visitors. "The group was directed . . . [to] the right side [of the lobby] where a guard stood next to a roped area." Compl. at 1. The guard "let everyone through at once [without] cautions or directions . . . ." *Id*. As the group entered a doorway, "the light grew dimmer . . . and right away [plaintiff] realized [that she] was at the top of a circular stairwell . . . which was very narrow." *Id*. at 1-2. Plaintiff then "fell down a flight of 20 steps and landed at the bottom." *Id*. at 2. Plaintiff states that "[i]t was dark in the theater. I staggered to my feet dazed and very dizzy. Nobody came to help me." *Id*. Plaintiff "managed to get . . . across the room in the dark to a ramp and out of a door which led into the street. I could barely see, I wanted to pass out." *Id*. Eventually, plaintiff was taken by ambulance to Howard University Hospital where she was treated for "massive bruising down the entire right side of [her] body and head." *Id*.

Plaintiff alleges that when she returned to Los Angeles, she made two visits to hospital emergency rooms for dizziness and nausea. She was diagnosed "with a head injury, concussion [and went] for physical therapy and treatment . . . for several months." *Id*. Plaintiff was "unable to perform her normal work . . . of a part time tour guide[, and] [a]ny work . . . perform[ed] was excruciating." *Id*. Plaintiff exhausted her administrative remedies with NPS in June 2012 and filed this civil action on January 7, 2013.

# DISCUSSION

"The United States is protected from unconsented suit under the ancient common law doctrine of sovereign immunity." *Shuler v. U.S*. 531 F.3d 930, 932-33 (D.C. Cir. 2008) (quoting *Gray v. Bell*, 712 F.2d 490, 506 (D.C. Cir. 1983)). Through the Federal Tort Claims Act ("FTCA"), the United States has consented to be sued for money damages for certain torts under certain conditions. *See* 28 U.S.C. §§ 1346(b)(1), 2671-80. NPS argues that sovereign immunity bars this suit because plaintiff's claim falls under the FTCA's discretionary function exception, which provides that the FTCA's waiver of sovereign immunity shall not apply to:

> [a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). This exception, as its name suggests, "covers only acts that are discretionary in nature," *United States v. Gaubert*, 499 U.S. 315, 322 (1991), which the Supreme Court has described as those acts that "involv[e] an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.' " *Gaubert*, 499 U.S. at 322 (quoting *Berkovitz*, 486 U.S. at 536). If a court determines that "the challenged conduct involves an element of judgment," it must next decide "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id*. at 322-23 (quoting *Berkovitz*, 486 U.S. at 536). In this vein, the Supreme Court has stated that the exception "protects only government actions and decisions based on considerations of public policy." *Berkovitz*, 486 U.S. at 537. Because "[d]iscretionary function determinations are jurisdictional in nature," *Cope v. Scott*, 45 F.3d 445, 448 (D.C. Cir. 1995),

this Court must dismiss the case for lack of subject matter jurisdiction if the exception is found to apply.

In determining whether the discretionary function exception applies in this case, the Court utilizes the two-part test established in *Gaubert*. *See Hsieh v. Consolidated Engineering Servs., Inc.*, 698 F. Supp. 2d 122, 132 (D.D.C. 2010).

1.  *Part One of the <u>Gaubert</u> Test*

The Court must first determine whether any "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Hsieh*, 698 F. Supp. 2d at 132 (citation and internal quotation marks omitted). If so, the exception will not apply since "the employee has no rightful option but to adhere to the directive" and, thus, cannot be found to have performed a discretionary act. *Id.* (citations and internal quotation marks omitted). The relevant case law makes clear that "in order to preclude the government from availing itself of the discretionary function exception, a directive must 'be mandatory and it must clearly and specifically define what the employees are supposed to do.' " *Loughlin v. United States*, 286 F. Supp. 2d 1, 8 (D.D.C. 2003) (quoting *C.R.S. by D.B.S. v. United States*, 11 F.3d 791, 799 (8th Cir.1993)), *aff'd in relevant part* 393 F. 3d 155 (D.C. Cir. 2004). "A general directive that leaves implementation decisions in the hands of federal officials is not sufficient" to overcome the exception. *Id.*

Plaintiff has not challenged defendant's documented argument that decisions about lighting, signage, and ushers at Ford's Theater are not mandated by law, regulation or policy, *see* Def.'s Ex. 1, Decl. of Karen Cucurullo [Dkt. # 7-1] ¶¶ 8, 12, and that NPS policy instead leaves "decision-making authority," including "public safety-related decisions" to "the discretion of the

4

superintendents and other decision makers at the [managed site]."[2]  *Id.* ¶ 6 (quoting NPS Management Policies at Ch.8.2.5).  Since the conduct at issue "involves an element of judgment or choice," *Berkovitz*, 486 U.S. at 536, the first part of the *Gaubert* test supports application of the discretionary function exception.

   2.  *Part Two of the Gaubert Test*

The Court now must determine "whether th[e] judgment is of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322-23.  As stated above, the exception protects decisions based in public policy "[b]ecause [its] purpose . . . is to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort . . . ." *Id.* at 323 (citations and other internal quotation marks omitted).  Thus, decisions involving policy implementation generally have been found to fall within the exception while "routine, garden-variety maintenance decisions" generally have been found to fall outside of the exception. *Hsieh*, 698 F. Supp. 2d at 136-37 (discussing cases).

However, the Court "cannot make categorical determinations" but rather must "examine the nature of the judgments at issue," which, in turn, requires an examination of "the alleged causes of [p]laintiff's injuries and the alleged remedies [she] claim[s] should have been undertaken." *Id.* at 134 (citations omitted); *see Cope*, 45 F.3d at 448 (explaining that "[w]hile we must review the complaint to determine what actions allegedly caused the injuries, we do so only to determine whether the district court has jurisdiction over those actions, not to prejudge

---

[2]  *See* Apr. 29, 2013 Order (advising plaintiff about responding to defendant's motion to dismiss or risking treatment of the motion as conceded).

the merits of the case"). Plaintiff attributes her injuries to dim lighting,[3] insufficient warning signs, and lack of crowd control and verbal instructions from "the Guard," but she admits that she "right away realized" that she was "at the top of a circular stairwell . . . which was very narrow." Compl. at 1-2. Not only are these allegations internally inconsistent but they also suggest that the implied corrective measures -- *i.e.*, brighter lighting, conspicuous signs, and a verbal warning -- might not have prevented plaintiff's fall. Furthermore, if applicable, "the discretionary function exception immunizes even government abuses of discretion," *Shuler*, 531 F.3d at 935, which would encompass the failure to warn allegations against the guard or usher.

Defendant has shown through the Cucurullo declaration that NPS policy -- consistent with NPS' enacting statute codified at 16 U.S.C. § 1 -- requires that a natural or historic site be maintained with minimal intrusion. Cucurullo Decl. ¶ 7. Consistent with this policy, "[t]he lighting in Ford's Theater features historic sconce-style lighting and other non-historic lighting intended to complement the historic and museum environment within the structure," which is well-known to be the site of President Abraham Lincoln's assassination in 1865. *Id*. ¶¶ 5, 9. In addition, NPS "choose[s] to minimize the amount of signage . . . so as not to detract from aesthetics of the historic location." *Id*. ¶ 11. The Court finds that such decisions fall within the discretionary function exception, thereby foreclosing plaintiff's FTCA claim on the ground of sovereign immunity. Hence, any amendment to the complaint would be futile.

---

[3] In her surreply, plaintiff mentions for the first time, and without any elaboration, that her fall was also due to "[p]oor lighting maintenance on the stairwell." Pl.'s Surreply at 3. Although, as noted, plaintiff's motion to amend the complaint is pending, it does not include the proposed amended complaint as required by Local Civil Rules 7(i) and 15.1, and this surreply is not a proper substitute. *See Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130-31 (D.C. Cir. 2012) (affirming denial of leave to amend where request made "as an alternative argument" in response to motion to dismiss "neither included a proposed amended complaint nor otherwise indicated that [plaintiff] would be able to plead sufficient facts to state a plausible claim for relief"). Hence, the Court will not require NPS to address this last-minute conclusory allegation likely inspired by NPS's observation in the motion to dismiss that plaintiff had not "ma[d]e any allegation related to alleged maintenance failures by NPS . . . ." Def.'s Mem. at 9 n.3.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and will deny plaintiff's pending motions as moot. A separate final order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATED: October 25, 2013